UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY L. CARDONA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>    Defendant. | NO. CV-11-335-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13 and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Jeffrey Schwab. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney David Blower.

**I.    Jurisdiction**

On August 8, 2007, Plaintiff protectively filed a Title II application for disability insurance benefits (DIB), as well as protectively filed a Title XVI

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

application for supplemental security income (SSI). Plaintiff alleges she has been disabled beginning April 15, 2007.

Her application was denied initially and again denied on reconsideration. A timely request for a hearing was made. On September 28, 2009, Plaintiff appeared at a video hearing in Wenatchee, Washington before Administrative Law Judge (ALJ) Christopher H. Juge, who was presiding in Metairie, Louisiana. Plaintiff was represented by Jeffrey Schwab, an attorney. Daniel R. McKinney, Sr., a vocational expert, also participated.

The ALJ issued a decision on December 18, 2009, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which was denied August 15, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 8, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

**II.    Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520©, 416.920©. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

At the time of the hearing, Plaintiff was 50 years old. She graduated from high school and attended one year of college. She has previously worked as a childcare worker. She worked for one month as a cashier and stocker, and she had a brief employment as an in-home care worker.

Plaintiff has a long history of poorly-controlled type II diabetes. She is a smoker. As a result, she has developed retinopathy, neuropathy and nephropathy with hypertension. She also has problems associated with her neck and shoulder.

## V. The ALJ's findings

The ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. (Tr. 17.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 15, 2007, the alleged onset date.[2] (Tr. 17.)

At step two, the ALJ found Plaintiff has the following severe impairments: diabetes mellitus and arthritis. (Tr. 17.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. He considered impairments listed under section 1.01 (Musculoskeletal) and section 9.01 (Endocrine system). He concluded the signs, symptoms, and history of treatment presented in the evidence of the record were inconsistent with any impairments of listing-level severity. (Tr. 18.)

The ALJ determined Plaintiff has the residual functional capacity to perform light work, except she is limited to standing and walking for a total of four hours out of an eight-hour workday with a sit/stand option. She must also avoid hazards

---

[2]The ALJ noted that Plaintiff worked after the alleged disability onset date and earned $658.00 in 2009, but found this work activity did not rise to the level of substantial gainful activity. (Tr. 17.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

where foot sensation is required for safety. (Tr. 18.)

At step four, the ALJ concluded Plaintiff was unable to perform any past relevant work. (Tr. 22.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 23.) Specifically, the ALJ found that Plaintiff can perform the requirements of representative occupations such as assembly occupations, as well as production inspectors/checkers. (Tr. 23.)

## VI. Issues for Review

Plaintiff presents the following issues for review:

1. The Commissioner's decision is not supported by substantial evidence.

2. The ALJ failed to properly identify severe impairments.

3. The ALJ erred in posing the hypothetical questions to the vocational expert.

## VII. Discussion

Plaintiff argues the ALJ erred in failing to identify diabetic neuropathy, retinopathy, marked degenerative disk disease at C3 and C6, emphysematous bladder probably related to diabetes, and bilateral foot pain probably related to diabetes and hypertension. Because of this failure, Plaintiff argues, the ALJ committed legal error in failing to incorporate these impairments in determining whether Plaintiff met or medically equals a listed impairment. In her briefing to the Appeals Council, Plaintiff asserted she meets the listing of 1.04 or 9.08.[3] (Tr. 187)

---

[3] Listing 9.08 was deleted effective June 7, 2011. Impairments resulting from endocrine disorders such as diabetes are now evaluated under the listings for other body systems. See 20 C.F.R. § 404, subpt. P, app. 1, § 9.00B

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

Here, the Court agrees the ALJ erred in failing to find that Plaintiff's impairments of diabetic neuropathy, diabetic retinopathy, and diabetic nephropathy, and marked degenerative disk disease at C3 and C6 are severe. "An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Step two, then, is "de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 2005). An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by medical evidence. S.S.R. 85-28. In this case, enough objective medical evidence establishes that the omitted impairments exist to pass the de minimus threshold of step two. *See e.g.* Tr. 307.[4]

Objective evidence (x-rays) showed marked degenerative disk disease with degenerative changes of the cervical spine, C3 through C6. (Tr. 413.) Objective evidence shows the presence of edema in the lower extremities. Also, at the hearing, Plaintiff testified that she had trouble running the cash register because it was difficult to see the numbers. She was fired from her job as a cashier after only being there one month. She testified that she uses a catheter to urinate. This can take up to 15 minutes, and should be done three to four times a day.

Consequently, the ALJ did not properly complete step three, because he did not properly consider all of Plaintiff's severe impairments in determining whether

---

[4] On February, 2008, Ben Murrell made the following notation: [Plaintiff] has a history of poorly controlled diabetes mellitus, which she states is getting better. Unfortunately, she also has developed a number of end-organ problems include retinopathy . . . She also has numbness and tingling in her feet and fingertips. She also has chronic urinary retention and a history of emphsyematous bladder."

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

she met a listing. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (instructing that "an ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so."); *see also Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990) (holding that ALJ erred by failing to consider evidence of equivalence).

The ALJ also erred in posing the hypothetical to the vocational expert. The medical records consistently report that Plaintiff experiences neuropathy in her hands and feet. The ALJ only accounted for the numbness and tingling in her feet, not her hands, in formulating the RFC. Also, the ALJ failed to account for her degenerative disk disease.

The ALJ erred in discounting her testimony that her fingers are numb and tingle because "she is able to type at sixty words per minute and handwrite a paragraph without her writing getting sloppy." (Tr. 21.) The ALJ took Plaintiff's comments wholly out of context. At the hearing, Plaintiff testified that she didn't know how to type, instead she uses one finger to type. (Tr. 48.) She estimated that she "can do 60 words a minute almost with one finger." (Tr. 48.) She explained that "sometimes I can write a paragraph without it getting really super sloppy or my hand falling asleep." (Tr. 48.) Taken in context, the statements indicate that Plaintiff's neuropothy is a severe impairment. Plaintiff testified that she has difficult in picking up little objects or papers, including money. (Tr. 36.)

Also, Plaintiff testified that she loses her balance. The medical records reflect visits to the doctor because Plaintiff tripped or fell (Tr. 216, 336, 371). Also, Plaintiff testified that when she is walking it feels like she is walking on balloons. (Tr. 46.) She explained that it feels like she has a big bubble underneath her foot and reported that this makes her run into walls and stuff. (Tr. 46.) The RFC does not take her lack of balance into consideration.

In his opinion, the ALJ discredited Plaintiff's statements regarding the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

severity and extent of her limitations based on "her well-documented history of non-compliance with recommended treatment for her diabetes." (Tr. 21.) However, the medical records suggest that by 2009, Plaintiff was becoming more successful in controlling her diabetes. *See* Tr. 369 (noting that her most recent hemoglobin A1C was 9.8%, which was a significant improvement from 2007 and 2008). The ALJ failed to take this into consideration when he found Plaintiff was not credible because she was not compliant with her treatment.

## VIII. Conclusion

The ALJ erred in failing to find Plaintiff's impairments of diabetic neuropathy, retinopathy, and nephropathy, and marked degenerative disk disease at C3 and C6 are severe and the ALJ did not properly engage in the step three analysis. In addition, the ALJ erred in posing the hypothetical to the vocational expert.

"Generally when a court ... reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir.2004) (citations omitted); *Moisa v. Barnhart,* 367 F.3d 882, 886 (9th Cir. 2004). Here, remand is appropriate so the ALJ, after properly identifying Plaintiff's severe impairments at step two, can address whether Plaintiff meets the listings at step three,, and if not, to properly consider Plaintiff's severe impairments in step four and five.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED.**

3. The decision of the ALJ denying benefits is reversed. The above-captioned case is remanded to the Social Security Administration for further proceedings consistent with this Order, pursuant to sentence four of 42 U.S.C. §

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

405(g).[5] The Court directs the ALJ to consult a medical expert in re-evaluating whether Plaintiff's impairments meet a listing. *See* HALLEX, § I-2-5-34, 1994 WL 637370.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 8th day of August, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Cardona (SS)\sj.wpd

---

[5] A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart,* 483 F.3d 600, 605 (9th Cir. 2007). A sentence-four remand is essentially a determination that the Commissioner erred in some respect in denying benefits. *Id.* (citations omitted). The court may order a sentence-six remand if the Commissioner requests a pre-answer remand or on the basis of new, material evidence presented to the court that was for good cause not presented to the Commissioner during the administrative proceedings. *Id.* In a sentence-six remand, the court does not rule in any way on the correctness of the Commissioner's decision, but orders the Commissioner to consider the new evidence on remand and return to court with the updated record and decision. *Melkonyan v. Sullivan,* 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10